EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JENNIFER A. NEILL
Supervising Deputy Attorney General
AMANDA J. MURRAY, State Bar No. 223829
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5741
Fax: (415) 703-5843
Email: Amanda.Murray@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **SHAWN FLETCHER,** Petitioner, **v.** **TOM CAREY, Warden,** Respondent. | C 08-00287 CW<br>**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br>Judge: The Honorable Claudia Wilken |

TO PETITIONER SHAWN FLETCHER, IN PRO PER,

PLEASE TAKE NOTICE that Respondent D.K. Sisto, Warden at California State Prison, Solano, moves this Court to dismiss the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 and Rules 2 and 4 of the Rules Governing § 2254 Cases in the United States District Courts, on the grounds that without identifying which parole consideration hearing Fletcher is challenging, he does not have standing to bring this Petition and he has not sufficiently pled his claim. This motion is based on the Notice and Motion, the supporting Memorandum of Points and Authorities, the Petition for Writ of Habeas Corpus, the court records in this action, and other such matters properly before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Petitioner Shawn Fletcher is a state inmate who was convicted of first-degree murder with a firearm enhancement, and is proceeding pro se in this matter. (Pet. 2.) Fletcher alleges that the Board unconstitutionally denied him parole. (See generally, Pet.) Yet Fletcher's Petition does he specify which parole consideration hearing or Board of Parole Hearings' decision he is challenging. Accordingly, he has not established a prima facie case for relief in habeas corpus, and the petition must be dismissed.

**ARGUMENT**

**FLETCHER DOES NOT ALLEGE SPECIFIC INFORMATION SUFFICIENT FOR ENTITLEMENT TO HABEAS RELIEF.**

Fletcher does not allege his claim with sufficient specificity to establish standing or to warrant habeas relief. In order to satisfy the standing requirement of Article III of the Constitution, Fletcher "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Further, Fletcher has the burden of proving his constitutional claims. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. dismissed*, 545 U.S. 1165 (2005). Fletcher must allege specific facts in support of his claims; conclusory allegations do not state a basis for habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also* Rules Governing § 2254 Cases, Rule 2(c)(2) (requiring petitioner to state the facts supporting each ground). A federal habeas petitioner can easily satisfy his burden of establishing standing and alleging particular facts by simply providing the date of the parole consideration hearing he is challenging.

Here, Fletcher claims that the Board unconstitutionally denied him parole, but fails to satisfy his burden of establishing entitlement to habeas relief because he does not identify which parole consideration hearing he is challenging. By failing to identify the challenged parole hearing, Fletcher's claims are vague and meaningless and do not provide Respondent a fair and reasonable opportunity to respond to the Petition. Without knowing the date of the hearing, Respondent cannot identify and review the documents necessary to respond to his Petition and to

determine if he exhausted his claims or if his Petition is time-barred. Consequently, Fletcher has not met his burden of specificity. *Baldwin v. Reese*, 541 U.S. 27, 32 (holding that a federal habeas petitioner does not fairly present his federal claim if the district court must read beyond the petition or brief to determine that he is in fact alleging a federal claim). Accordingly, this Court should dismiss the Petition based on Fletcher's lack of standing and failure to state a prima facie case for relief.

**CONCLUSION**

Without identifying which parole consideration hearing he is challenging, Jamison's Petition is too vague and conclusory to establish standing or a prima facie case for habeas relief. Consequently, his claims are too vague and conclusory for Respondent to respond to them. Accordingly, this Court should dismiss the Petition.

Dated: September 8, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JENNIFER A. NEILL
Supervising Deputy Attorney General

AMANDA J. MURRAY
Deputy Attorney General
Attorneys for Respondent

20138743.wpd
SF2008200583

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name: **Fletcher v. Carey**

No.: **C 08-00287 CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 9, 2008**, I served the attached

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Shawn Fletcher, H-10330**
**California State Prison, Solano**
**P.O. Box 4000**
**Vacaville, CA 95696-4000**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 9, 2008**, at San Francisco, California.

| M.M. Argarin | M.M. Argarin |
|---|---|
| Declarant | Signature |

20141400.wpd